UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CIV - FERGUSON**

**99 - 6933**

CASE NO.: _____

IN ADMIRALTY

PETER R. BARONOFF,
an individual,

     Plaintiff,

v.

THE BLUE SKY, her engines, tackle,
apparel, appurtenances, etc., <u>in rem</u>,
BRITISH AMERICAN BOATS, INC.,
a Florida corporation,
JOEL W. JENISON,
an individual,
and
OFFSHORE MARINE, INC.,
a Florida corporation,

     Defendants.

_____/

MAGISTRATE JUDGE
SNOW

## <u>VERIFIED COMPLAINT TO FORECLOSE A PREFERRED SHIP'S MORTGAGE AND FOR OTHER AND EQUITABLE RELIEF AND DAMAGES</u>

**THE COMPLAINT OF PETER R. BARONOFF**, against " **THE BLUE SKY**", and her

engines, tackle, apparel, etc., <u>**in rem**</u>, **BRITISH AMERICAN BOATS, INC., JOEL W.**

**JENISON**, and **OFFSHORE MARINE, INC.**, in a cause of enforcement of a First Preferred Ship's

Mortgage and of Contracts, civil and maritime, alleges upon information and belief:

    1.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1333 and 46

U.S.C. Sections 951-954.

    2.    This is an Admiralty and Maritime claim within the meaning of the Federal Rules of

Civil Procedure 9(h) and a complaint for money damages.



3.      At all time relevant hereto, the Plaintiff, **PETER R. BARONOFF (herein**

**"BARONOFF")**, is an individual, <u>sui juris,</u> residing in Boca Raton, Florida.

4.      At all times relevant hereto, Defendant, **"THE BLUE SKY" (herein "BLUE**

**SKY")**, is and was a vessel documented under the laws of the United States in the name of the

Defendant, **"BRITISH AMERICAN BOATS, INC.," (herein BRITISH AMERICAN)**.

5.      Upon information and belief, the vessel is presently stored at 651 Coconut Drive,

Fort Lauderdale, Broward County, Florida 33315.

6.      That Defendant, **BRITISH AMERICAN**, is the registered owner of a 48 foot,

"C&C" sloop named **"BLUE SKY"** (f/k/a "ASPELLA") and has official number **635264**; refer to

Exhibit "A", attached hereto and incorporated herein.

7.      That Defendant, **JENISON**, is the acting President of and sole shareholder in

**BRITISH AMERICAN**.

8.      That Defendant, **OFFSHORE MARINE, INC., ( herein OFFSHORE)**, is a Florida

corporation presently doing business at 202 S.W. 25th Street, Fort Lauderdale, Florida.

9.      That Plaintiff, **BARONOFF**, is an entrepreneur and business catalyst who, for profit,

regularly makes financial investments in and/or procures funding for promising business enterprises

and project ventures which are in need of capital infusion by advancing, to said enterprises and

ventures, necessary funding to be utilized by each in improving and increasing the equity value and

return of same.

10.     That on or about May 8, 1997, Plaintiff, **BARONOFF**, presented with a business

proposition by Defendant, **JENISON**, agreed to and did extend to Defendants, **BRITISH**

**AMERICAN** and **JENISON**, certain funding in the form of a line of credit in the aggregate amount

of Twenty-Five Thousand Dollars ($25,000.00/100), with interest to accrue on those sums and any additional sums advanced at the rate of 6.25% per annum.

11.     That the funds advanced were used by **BRITISH AMERICAN** and **JENISON** for legitimate business purposes and, pursuant to the terms and conditions of the credit agreement (refer to Exhibit "B", attached hereto and incorporated herein), were secured by a First Preferred Ship's Mortgage and Promissory Note (refer to Exhibit "C", attached hereto and incorporated herein) on certain collateral described herein as a 48 foot "C&C" sloop vessel known as "ASPELLA" (said name later changed to "BLUE SKY"), her engines, tackle, appurtenances and the like, and bearing official Hull registration number: 635264; said Promissory Note executed and guaranteed jointly and severally by Defendant, **JENISON**, individually and as President and on behalf of **BRITISH AMERICA**, and jointly and severally by **BRITISH AMERICA**.

12.     Pursuant to the terms of the note, said note incorporating and merging therein the terms and conditions of the credit Agreement, upon default in payments made to Plaintiff by the Defendants, **BRITISH AMERICAN** and **JENISON**, all sums, including principal and accrued interest then owing would immediately become due and collectible, said amounts bearing interest at a rate of eighteen percent (18%) per annum.

13.     Plaintiff, **BARONOFF**, in order to secure the payment due under the aforesaid Note, subsequently perfected its security interest in and to the vessel **"BLUE SKY"** by recording the mortgage note on or about September 15, 1997, in Official Records Book 97-97 at Page 520; Port of Record: NVDC, Department of Transportation, US Coast Guard.

14.     As a principal covenant of the credit agreement, **BRITISH AMERICAN** and **JENISON** were to maintain, at all times material to the existing unpaid balance of credit extended or until payment in full of the amounts due and owing Plaintiff were made, separate hull liability

-3-

protection and indemnity insurance policies on the collateral, said insurance evidencing minimum coverage as to each policy of at least $25,000.00, with said policies naming the Plaintiff, **BARONOFF**, as loss payee.

15.    The credit agreement as executed by and between the Plaintiff and **BRITISH AMERICAN** and **JENISON** also included a provision providing for the renewal and extension of additional credit sums to be advanced to said Defendants at the discretion of the Plaintiff.

16.    Plaintiff, in addition to the $25,000.00 line of credit provided **BRITISH AMERICAN** and **JENISON**, increased said line of credit by making continuing cash advances to said Defendants (refer to Exhibits "D", attached hereto and incorporated herein); said credit advances and initial principal funding totaling, as of the date of filing this complaint, in the amount of $65,513.43, inclusive of interest compounding daily.

17.    Plaintiff, **BARONOFF**, is the present owner and holder of the security agreement and promissory note with a maturity date of May 8, 1998. The original principal amount of said Note and existing credit lent **BRITISH AMERICAN** and **JENISON** was $54,517.37 plus interest for a total sum due to date of $65,513.43.

18.    The Defendant, **OFFSHORE**, is an interested party to this complaint and holds a secondary lien against the vessel **BLUE SKY** in the amount of Six Thousand One Hundred Dollars ($6,100.00) as recorded on or about January 13, 1998, in Official Records Book 98-7 at Page 132; Port of Record: NVDC, Department of Transportation, US Coast Guard (refer to Exhibit "A").

19.    All of the acts and things required to be done by the Ship Mortgage Act of 1920, 46 U.S.C. Section 911, et seq., in order to give the Ship Mortgage the status of a "preferred mortgage" under the Aforesaid Ship Mortgage Act, 1920, were duly done or caused to be done either by the Plaintiff, BARONOFF, or the United States Coast Guard.

-4-

## COUNT I - FORECLOSURE OF A PREFERRED
## SHIP'S MORTGAGE IN REM

20.     Plaintiff, **BARONOFF**, realleges and incorporates paragraphs 1 through 19 as if fully set forth herein.

21.     Defendants, **BRITISH AMERICAN** and **JENISON** defaulted upon their obligations pursuant to the credit agreement and the promissory note by failing to make payment due May 8, 1998 and all subsequent payments.

22.     Plaintiff, **BARONOFF**, is and has been at all times since the execution and recordation of the Ship Mortgage, the owner and holder of the Note, and has elected, under the terms of the credit agreement and mortgage/promissory note, to accelerate the remaining balance and to declare said amounts due and payable in full.

23.     Despite Plaintiff's demand for payment, no payment has been received.

24.     All prerequisites to the maintenance of this action have been waived, performed or complied with.

25.     The remaining principal balance due the Plaintiff upon said underlying obligation is $65,000.00 as of June 28, 1999 with a per diem thereafter of $32.30, plus attorney's fees, costs and other expenses, all pursuant to the terms of the credit agreement and mortgage/promissory note.

**WHEREFORE**, Plaintiff, **BARONOFF**, hereby claims a Preferred Mortgage lien and demands judgment in its favor against the Defendants', **BRITISH AMERICAN** and **JENISON**, vessel, **"BLUE SKY"**, her engines, tackle, appurtenances, etc., including equipment now on board or temporarily removed therefrom, for foreclosure of the First Preferred Ship's Mortgage held by **BARONOFF** against said vessel in the total sum hereinabove stated, including all accrued interest up to the date of entry of judgment herein, reasonable attorney's fees and the costs of this action,

-5-

including the cost of marine insurance for the M/V **"BLUE SKY"**; and further that said vessel be

sold as provided by law and the proceeds of said sale be first applied to the costs of this action, costs

of repossession and attorney's fees, as contained in the note and credit agreement, then to the

principal and interest on the balance due, all according to the terms of the note and credit agreement;

and, to the extent that any deficiency arises following the sale, that the Court then enter a Deficiency

Judgment against the Defendants, **BRITISH AMERICAN** and **JENISON**, jointly and severally,

for the full amount of the balance due and owing Plaintiff, **BARONOFF**, as well as such other and

further relief as may be just and appropriate under the circumstances.

## COUNT II - ACTION TO SUE ON PROMISSORY NOTE

26.     Plaintiff, **BARONOFF**, realleges and incorporates paragraphs 1 through 25 as if fully

set forth herein.

27.     Pursuant to the terms and conditions of the Promissory Note and the credit agreement

as incorporated therein, said instruments attached hereto, Defendant, **BRITISH AMERICAN**, and

Defendant, **JENNISON**, individually and as President of **BRITISH AMERICAN**, are obligated

to  pay to **BARONOFF** the sum of $65,000.00 plus interest, other costs and expenses referred to

therein.

28.     That the payment due and owing for May 8, 1998, was not made nor have subsequent

payments been made, and the full balance owing thereon has been accelerated and declared due and

owing by Plaintiff pursuant to the express terms and conditions of said note and agreement.

29.     All prerequisites to the maintenance of this action have been waived, performed or

complied with.

30.     The remaining balance due the Plaintiff upon said obligation is $65,000.00 as of June

20, 1999, the date of filing this complaint, with a per diem thereafter of $32.30, plus  attorney's fees,

costs and other expenses, all pursuant to the terms of the Note and Credit Agreement.

**WHEREFORE**, Judgment is demanded in favor of the Plaintiff, **BARONOFF**, against the

Defendants, **BRITISH AMERICAN** and **JENISON**, individually and as President of **BRITISH**

**AMERICAN**, for the amount of $65,000.00 plus interest, attorney's fees and costs as well as such

other and further relief as may be just and appropriate under the circumstances.

## COUNT III - MONEY LENT

31.     Plaintiff, **BARONOFF**, realleges and incorporates paragraphs 1 through 30 as if fully

set forth herein.

32.     Defendants, **BRITISH AMERICAN** and **JENISON**, owe Plaintiff the sum of

$65,000.00 that is due with interest since May 8, 1998, for money lent to said Defendants by the

Plaintiff on or about May 7, 1997.

**WHEREFORE**, Judgment is demanded in favor of the Plaintiff, **BARONOFF**, against the

Defendants, **BRITISH AMERICAN** and **JENISON** for the amount of $65,000.00 plus interest,

attorney's fees and costs as well as such other and further relief as may be just and appropriate under

the circumstances.

**DATED** this ___19___ day of ___July___, 1999.

> **S. HOWARD ORNER, P.A.**
> Attorneys for Plaintiff
> 2825 University Drive
> Suite 350
> Coral Springs, Florida 33065
> Telephone: (954) 752-1774
>
>
> BY: _____
> S. Howard Orner, Esq.
> Fla. Bar No.: 032956

## **AFFIRMATION**

STATE OF FLORIDA

COUNTY OF BROWARD

    Before me, the undersigned authority, personally appeared *Peter P Barsonoff*

who was sworn and says I am the Plaintiff named in the instant complaint. The facts alleged in the

foregoing complaint are true and correct to the best of my knowledge and information.

    Pursuant to 28 U.S.C. Section 1746, I solemnly declare under penalty of perjury that the

foregoing is true and correct.

                                      *Peter P Barsonoff*

                                       Affiant's Name

    Sworn to and subscribed before me on this **7th** day of *July*, 1999, by

*Peter Barsonoff* who produced *driver's license* as identification.

                             Notary Public, State of Florida at Large

                       My commission expires:

> Robyn Redgate
> Notary Public, State of Florida
> Commission No. CC 493675
> My Commission Expires 09/06/99
> 1-800-3-NOTARY - Fla. Notary Service & Bonding Co.

S. HOWARD ORNER, P.A., ATTORNEY AT LAW
2825 UNIVERSITY DRIVE, SUITE 350, CORAL SPRINGS, FLORIDA 33065 • TEL. (954) 752-1774 • FACSIMILE (954) 752-0448

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE

(12:96)                          CIVIL COVER SHEET          99-6933 CIV-FERGUSON

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required
w except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use
e Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| ) PLAINTIFFS | DEFENDANTS |
|---|---|
| PETER R. BARONOFF, an individual, | THE BLUE SKY, her engines, tackle, apparel, appurtenances, etc., in rem, BRITISH AMERICAN BOATS, INC., a Florida corporation, JOEL W. JENISON, an individual, and OFFSHORE MARINE INC., a Florida corporation, |

| ) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT |
|---|---|
| (EXCEPT IN U S PLAINTIFF CASES) | (IN U S PLAINTIFF CASES ONLY) |
| | NOTE    IN LAND CONDEMNATION CASES  USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| ) ATTORNEYS (FIRM NAME  ADDRESS  AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| S. Howard Orner, P.A. 2825 University Drive, Suite 350 Coral Springs, FL 33065 | MAGISTRATE JUDGE SNOW |

RCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,  (BROWARD),  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

**ASIS OF JURISDICTION**  (PLACE AN  X  IN ONE BOX ONLY)    **III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN  X  IN ONE BOX FOR PLAINTIFF
                                                          (For Diversity Cases Only)                      AND ONE BOX FOR DEFENDANT)

|  |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|
| U S Government Plaintiff | ☐ 3  Federal Question (U S Government Not a Party) | Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| U S Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
|  |  | Citizen or Subject of a ☐ 3 Foreign Country | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN**                                        (PLACE AN "X" IN ONE BOX ONLY)                       Appeal to District
(Original Proceeding)  ☐ 2 Removed from   ☐ 3 Remanded from   ☐ 4 Reinstated or   Transferred from   ☐ 6 Multidistrict   ☐ 7 Judge from
                          State Court         Appellate Court      Reopened       ☐ 5 another district     Litigation        Magistrate
                                                                                      (specify)                              Judgment

**NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | B☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault Libel & Slander | | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | Liability | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ Recovery of Overpayment of Veteran s Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities Commodities Exchange |
| ☐ Stockholders  Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor Mgmt Relations | ☐ 862 Black Lung 923 | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor Mgmt Reporting & Disclosure Act | ☐ 863 DIWC DIWW 405(g) | ☐ 894 Energy Allocation Act |
| ☐ Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI 405(g) | ☐ 900 Appeal of Fee Determination |
| ☐ Rent Lease & Ejectment | ☐ 443 Housing Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | Under Equal Access to Justice |
| ☐ Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | AC☐ 870 Taxes (U S  Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison  Condition | | | |

**CAUSE OF ACTION**   (CITE THE U S  CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
                       DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1333 and 46 U.S.C. Sections 951-954
"Foreclosure of a Preferred Ship's Mortgage

**I. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION**   DEMAND $   CHECK YES only if demanded in complaint:
                                 ☐ UNDER F.R.C P 23                           JURY DEMAND:  ☐ YES  ☒ NO

**II. RELATED CASE(S)**  (See instructions)   JUDGE _____   DOCKET NUMBER _____
    IF ANY

ATE                        SIGNATURE OF ATTORNEY OF RECORD
July 20, 1999    Richard Berkowitz, Esq. for: S. Howard Orner, Esq.

R OFFICE USE ONLY
516791      $150.00      OM-20-99
CEIPT #       AMOUNT       APPLYING IFP          JUDGE                    MAG JUDGE